Marty E. Moore (#8932)
Brandon J. Baxter (#9122)
PECK, HADFIELD, BAXTER & MOORE, LLC
Attorneys for Plaintiff
399 North Main, Suite 300
Logan, Utah 84321
Telephone: (435)787-9700
Facsimile: (435)787-2455
*mmoore@peckhadfield.com*
*bbaxter@peckhadfield.com*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JEREMY SMITH,<br><br>          Plaintiff,<br><br>vs.<br><br>JAB WIRELESS, INC., a foreign corporation, and DIGIS, LLC., a Utah limited liability company,<br><br>          Defendants. | **COMPLAINT**<br><br>**Jury Demanded**<br><br>Civil No.:<br><br>District Judge:<br>Magistrate Judge: |

Plaintiff JEREMY SMITH complains against JAB WIRELESS, INC. and DIGIS,

LLC. (referred to jointly as "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking unpaid wages, including unpaid overtime compensation, associated interest, reasonable attorneys fees and costs, and other penalties as allowed under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2.      Plaintiff Jeremy Smith ("Mr. Smith ") is a resident of the State of Utah and is a former employee of Defendants.  Defendants hired Mr. Smith during late 2006. During the time of his employment with Defendants, Mr. Smith performed work for the Defendants throughout northern Utah.  Mr. Smith left Defendants' employment earlier this year.

3.      During the time Defendants employed him, Mr Smith performed work for the Defendants throughout northern Utah.

4.      Upon information and belief, Defendant JAB Wireless, Inc. ("JAB") is a Colorado corporation with its principal place of business in Englewood, Colorado. JAB is registered to do business in the State of Utah with the Utah Department of Commerce and identified as a foreign corporation.

5.      Defendant DIGIS, LLC ("DIGIS") is a Utah limited liability company with its primary place of business in Pleasant Grove, Utah.  Upon information and belief,

Complaint

DIGIS is a subsidiary of JAB.

6.      JAB and DIGIS provide wireless internet services to businesses and individuals in the State of Utah.

## JURISDICTION and VENUE

7.      This action arises under FLSA, 29 U.S.C. § 201 *et seq*. .

8.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b). Supplemental jurisdiction over the claims arising out of state law is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391.  Defendants maintain offices and conduct significant business operations throughout the District of Utah.

## FIRST CLAIM FOR RELIEF
## (Violation of FLSA 29 U.S.C. § 201 et seq)

10.      Mr. Smith re-alleges and incorporates paragraphs 1 - 9 herein by reference.

11.      At all times relevant, Defendants have been and remain employers engaged in commerce, as defined under FLSA 29 U.S.C. § 203(b) and (d).

12.      At all times relevant, Mr. Smith was not an exempt employee as defined under FLSA 29 U.S.C. § 213.

13.      During the course of Mr. Smith's employment by Defendants, Defendants

Complaint

required, caused, and allowed Mr. Smith to work in excess of forty hours per week without additional compensation and without compensation at one and one-half times Mr. Smith's regular rates of pay as required by 29 U.S.C. § 207(a)(1).

14.    In addition to his regularly scheduled forty-hours of work per week, Defendants regularly required, caused, and allowed Mr. Smith to work through his lunch breaks, before regular work hours, after regular work hours, and on weekends.

15.    Additionally, Mr. Smith was regularly required to be "on-call."  Mr. Smith's on-call duties were so demanding that Mr. Smith was unable to meaningfully engage in personal activities during these on-call periods.  During on-call periods, Mr. Smith was limited in where he could travel and what he could do.  Defendants' requirements of Mr. Smith during these on-call periods were such that Mr. Smith was essentially engaged to wait on Defendants' needs.

16.    Defendants recognized that extra compensation was and is due and owing to Mr. Smith for the extra work which Mr. Smith performed on behalf of Defendants.

Complaint

17.    At times, Defendants attempted to compensate Mr. Smith for their extra work by offering "comp-time."  However, the comp-time style compensation offered to Mr. Smith for his overtime services failed to comply with the requirements of the FLSA.

18.    Defendants have willfully failed to pay Mr. Smith for work performed on behalf of Defendants.  Defendants have willfully failed to compensate Mr. Smith at one and one-half times Mr. Smith's regular rate of pay for work he performed over and above forty hours a week.

19.    In refusing to pay Mr. Smith for the above-mentioned work performed by Mr. Smith for Defendants, Defendants have violated the regular wage and overtime wage provisions of the FLSA.

20.    Upon information and belief, Defendants have failed to keep records for off-the-clock and on-the-clock work time spent by employees in violation of 29 U.S.C. § 211(c).

21.    Defendants' violations of the FLSA were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

22.    As a result of the above described violations, Mr. Smith seek damages for unpaid wages, including unpaid overtime compensation, associated interest, reasonable attorneys fees and costs, and other penalties as allowed by law.

**JURY DEMAND**

23.    Mr. Smith demands trial by jury on all issues triable of right by jury.

**RELIEF SOUGHT**

WHEREFORE, Mr. Smith prays for judgment and the following specific relief against Defendants.

A.    That the Court declare, adjudge, and decree that Defendants willfully violated the overtime provisions of the FLSA as to Mr. Smith;

B.    That the Court declare, adjudge, and decree that Defendants willfully violated their legal duties to pay overtime to Mr. Smith as required under the FLSA;

C.    That the Court declare, adjudge, and decree that Mr. Smith is entitled to receive overtime pay for work and services performed on behalf of Defendants beyond forty hours in a week;

D.    That the Court declare, adjudge, and decree that Mr. Smith is entitled to an additional liquidated damages award equal to the amount of overtime pay which Defendants failed to pay to Mr. Smith;

E.    That the Court award Mr. Smith damages and restitution for unpaid overtime compensation, statutory damages and penalties in an amount to be proven

Complaint

at trial;

F.      That the Court award Plaintiffs all other economic, noneconomic, punitive, and/or other damages and penalties, as allowed by law, and in an amount to be proven at trial;

G.      For reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b) and as otherwise provided by law;

H.      For interest on the amount of any and all economic damages, at the rate allowed by statute;

I.      For other allowable courts costs and fees; and

J.      For any and all other relief as the Court deems just and proper.


Dated this 25 day of August 2011.


Marty E. Moore
Brandon J. Baxter
Attorneys for Plaintiffs

Complaint